UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-60704-CIV-DIMITROULEAS/TORRES

NEBULA GLASS INTERNATIONAL,
INC., d/b/a GLASSLAM N.G.I., INC.,
a Florida corporation,

    Plaintiff,

vs.

REICHHOLD, INC., a foreign corporation,

    Defendant.
_____/

## ORDER

This matter comes before Court on the Defendant, Reichhold, Inc.'s Motion to Compel Discovery From Plaintiff. [D.E. 38]. The Court has reviewed the Motion, the Response, the Reply, and the court file.[1] Due to the broad scope of discovery under Federal Rule of Civil Procedure 26 (b)(1), the Defendant's Motion will be Granted in Part.

### I. INTRODUCTION

During discovery, Defendant served Plaintiff with various discovery requests, including Requests for Admissions, Requests for Production, and Interrogatories. The Motion to Compel now before the Court primarily relates to two areas of discovery: (1) problems and claims relating to Glasslam's Safety Plus II process, and (2) identification of buildings

---

[1] The Court has also reviewed Plaintiff's Motion for Leave to File SurReply [D.E. 69]. However, that Motion will be denied as there is no good cause, in a discovery context, why a sur-reply should be permitted, or, if permitted, why the Court should rule any differently than it will here.

included in the judgment obtained in the first *Glasslam v. Reichhold* trial, including allocation of the judgment for each building.

Defendant argues that it is entitled to the first category of discovery because it alleges that any defects in the Safety Plus II process are relevant to causation. Additionally, Defendant claims that it is entitled to know which buildings were included in the judgment entered in the first trial to ensure that it is not subjected to paying twice for the same buildings. On the other hand, Plaintiff objects to the discovery because the information sought is not relevant to this matter and/or the information sought is equally known to Defendant.

## II. ANALYSIS

Rule 26(b) of the Federal Rules of Civil Procedure defines the scope of discovery as including "any matter, not privileged, that is relevant to the claim or defense of any party" or, upon a showing of good cause, "any matter relevant to the subject matter involved. . . ." Even after the 2000 amendments to Rule 26, it is well established that courts must employ a liberal discovery standard in keeping with the spirit and purpose of the discovery rules. *Graham v. Casey's Gen. Stores,* 206 F.R.D. 251, 253 (S.D. Ind. 2002); *White v. Kenneth Warren & Son, Ltd.,* 203 F.R.D. 364, 366 (N.D. Ill. 2001). Accordingly, discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the claims and defenses of the parties or otherwise on the subject matter of the action. *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.,* No. 01-0392-Civ-Gold, 2001 WL 34079319 *2 (S.D. Fla. Nov. 1, 2001) (Simonton, Mag. J.).

To sustain its objections in response to the pending motions to compel, Plaintiff must, therefore, show that the requested discovery has no possible bearing on the claims and

defenses in this case. *See id.* (citing *Flora v. Hamilton,* 81 F.R.D. 576, 578 (M.D.N.C. 1978)); *Graham,* 206 F.R.D. at 254 ("The party opposing discovery has the burden of showing the discovery is overly broad, unduly burdensome, or not relevant."). This means that Plaintiff must show either that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26 or (2) is of such marginal relevance that the potential harm occasioned by discovery would far outweigh the ordinary presumption in favor of broad disclosure. *Giardina v. Lockheed Martin Corp.,* 2003 WL 21276348 (E.D. La. May 30, 2003).

In general, however, Plaintiff has not satisfied its burden to sustain its objections. First, Plaintiff is in the best position to set forth which buildings were included in the first trial. Likewise, it should be fairly easy for Plaintiff to list the amount of money that was spent repairing each of those buildings or list the amount anticipated to be spent making the repairs. Defendant is generally entitled to this information in discovery. And the discovery requested cannot be summarily discarded as mere "busy work" as Plaintiff alleges.

Next, contrary to Plaintiff's assertions, the discovery relating to the Safety Plus II process is arguably relevant to the question of causation in this matter. The Court is mindful of Plaintiff's argument that the two processes are not identical and do not contain the same type of resin. However, there may be other elements common to both processes that are the cause of the damage. At this stage, Defendant is entitled to the discovery to pursue its theories of and defenses to the issue of causation. It must be noted however, that the mere fact that Defendant is entitled to this information at the discovery stage does not resolve the ultimate question of whether it will be deemed admissible at trial. Indeed, Plaintiff will be able to

make any pretrial motions it deems necessary if it believes that the discovery produced is not relevant to this case. Likewise, should Plaintiff prevail on its pending Motion for Partial Summary Judgment In Issue Preclusion, the information regarding the Safety Plus II process may be deemed irrelevant. However, the discovery phase of the case is not where this issue should be resolved one way or another. *Dunkin,* 2001 WL 34079319 at *2 ("The Courts have long held that relevance for discovery purposes is much broader than relevance for trial purposes) (citing *Cohn v. Taco Bell Corp.,* 147 F.R.D. 154, 156 (N.D. Ill.1993)). Thus, the information sought regarding problems and/or complaints with the Safety II process is relevant and will be allowed.

### III.   CONCLUSION

For the reasons set forth above, it is **ORDERED AND ADJUDGED:**

1.   Defendant's Motion to Compel Discovery From Plaintiff [D.E. 38] is hereby **GRANTED IN PART** as follows:

A.   Defendant's Motion to Compel as it relates to Request No. 11 of its First Request for Admissions is **GRANTED IN PART**. In responding to this Request, Plaintiff shall construe the term "problems" in the same manner that the term was used in paragraph 10 of the Complaint (i.e., resin becoming brittle, the PET film degrading, glass panels allowing ultraviolet light to enter the room, yellowing of resin, and delamination of glass panels).

B.   Defendant's Motion to Compel as it relates to Interrogatory No. 18 of its First Set of Interrogatories is hereby **GRANTED IN PART**. Plaintiff shall respond to Interrogatory No. 18 by listing the buildings, residences, and projects that were the subject of *Nebula Glass International, Inc. d/b/a N.G.I., Inc. v. Reichhold, Inc.*, Case No. 02-60703-

Civ-Dimitrouleas. Furthermore, Plaintiff shall indicate the amount it has spent or anticipates spending in the repair of each of those buildings, residences, and projects.

   C. Defendant's Motion to Compel as it relates to Request No. 3 of its Second Request for Production is hereby **GRANTED.**

  2. Plaintiff's supplemental responses shall be served by no later than **October 16, 2006**, including the production of any responsive documents.

  3. Plaintiff's Request for Oral Argument on Defendant's Motion to Compel is hereby **DENIED.**

  4. Plaintiff's Motion For Leave to File SurReply Memorandum to Reichhold's Reply Memorandum Regarding Its Motion to Compel [D.E. 69] is hereby **DENIED**.

  **DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 6th day of October, 2006.

               EDWIN G. TORRES
               United States Magistrate Judge

cc: Honorable William P. Dimitrouleas
   John D. Heffling, Esq.
   Louis L. Williams, Esq.
   Kimberly L. Boldt, Esq.
   Daniel Bean, Esq.
   Christina Schwing, Esq.
   Sanford L. Bohrer, Esq.